UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOSHUA R. GILLEY,           )
                            )
    Petitioner,            )
                            )
v.                          )   Case No. 23-3073-CV-S-BP-P
                            )
WARDEN RICHARD ADAMS,       )
                            )
    Respondent.            )

## ORDER DISMISSING APPLICATION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction following a bench trial in the Circuit Court of Greene County, Missouri, for second-degree assault of a special victim (a booking officer at the Greene County Jail). Doc. 3, pp. 1-2 (petition). Petitioner appealed his conviction, which the Missouri Court of Appeals affirmed. *State v. Gilley*, 613 S.W.3d 108 (Mo. App. 2020). Petitioner also filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which he dismissed. Doc. 6-9 (docket report).

Respondent argues primarily that this case must be dismissed as having been untimely filed. Doc. 6, pp. 5-7 (response). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

The judgment against Petitioner became final on January 4, 2021 (the date on which the Missouri Court of Appeals affirmed Petitioner's conviction (December 18, 2020), plus the 15 days during which Petitioner could have sought review by the Missouri Supreme Court, and taking into account that the actual deadline fell on a Saturday). *See* Missouri Supreme Court Rule 84.17(b) (motions for rehearing "shall be filed within 15 days after the court files its opinion"); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("with respect to a state prisoner who does not seek review in a

State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

"The time during which a properly filed application for State post-conviction [relief] with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." § 2244(d)(2). Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 in the Circuit Court of Greene County on April 5, 2021, which was pending until November 9, 2021, when the Circuit Court granted Petitioner's motion to dismiss the case. Doc. 6-9 (docket report).

Applying the law and the facts set out above, the one-year period of limitation began to run on January 4, 2021, stopped running on April 5, 2021, and began to run again on November 9, 2021, making Petitioner's deadline for filing this case August 11, 2022. Petitioner filed this case over six months late, on March 8, 2023 (the original petition is dated February 19, 2023).

Petitioner most directly attributes his late filing of this case to his ignorance of the law: "The Respondent has failed to provide any proof that the Petitioner has ever been told of any statute of limitations . . . ." Doc. 8, p. 9 (reply). However, a prisoner's ignorance of the law does not excuse his failure to file a federal habeas corpus case within the one-year period of limitation. *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir.), *cert. denied*, 539 U.S. 918 (2003). Petitioner also seems to attribute his tardiness to a conspiracy involving state and federal agents, a lack of access to legal resources, his assignment to a special housing unit, harassment by prison staff, and an attack by a fellow prisoner. *See* Doc. 8, pp. 6-9 (reply). However, the Court finds that none of these vague attributions is sufficient to warrant equitable tolling of Petitioner's time-barred claims. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (the doctrine of equitable tolling provides an "exceedingly narrow window of relief").

The Court may not consider, and need not address, the substance of Petitioner's untimely claims. *United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999) (courts may not consider the merits of untimely § 2255 claims); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) (Congress intended to treat the time limits in §§ 2255 and 2254 the same). Therefore, this case is dismissed as having been untimely filed, and Petitioner's motion for injunctive relief (Doc. 9) is denied. The Court also declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2)

(certificate of appealability may be issued "only if [Petitioner] has made a substantial showing of the denial of a constitutional right").  The Clerk of the Court shall enter judgment accordingly.

    **SO ORDERED**.

                                            /s/ Beth Phillips
                                            BETH PHILLIPS
                                            CHIEF UNITED STATES DISTRICT JUDGE

Dated: May 16, 2023.